# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:

Betty Louise Arthur                                             Case No.  08-34228-DOT

     Debtor.                                                    Chapter 13


Bayview Loan Servicing, LLC as servicer for the Mortgagee of record,

     Plaintiff,

v.

Betty Louise Arthur
and
Robert E. Hyman, Trustee,

     Defendants.


## MOTION FOR RELIEF FROM STAY AND NOTICE OF MOTION AND HEARING

To the Honorable Judges of the Aforesaid Court:

For its Motion for Relief from Stay, Bayview Loan Servicing, LLC as servicer for the Mortgagee of record, Plaintiff, by counsel, states as follows:

1.     This Court has jurisdiction over the matters herein alleged pursuant to 28 U.S.C. § 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157 and is a contested matter under Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

2.     The Debtor herein owns an interest in the following real estate, to-wit: 326 Forest

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, Virginia 23452
757-498-9600
Counsel for Plaintiff

Avenue, Richmond, Virginia being more particularly described as follows:

> All that certain lot or piece or parcel of land with the improvements thereon and appurtenances thereunto belonging, lying and being in the County of Henrico and State of Virginia, being known, numbered and designated as the North ½ of Lot 90 on Map of Robin Park recorded in the Clerk's Office of the Circuit Court for Henrico County, Virginia, in Plat Book 6, page 103, to which plat reference is hereby made for a more particular description of the lot herein described.
> Being the same property conveyed to Betty L. Johnson by deed from Misty F. Odum recorded 11/25/2003 in Deed Book 3580 page 2402, in the Clerk's Office of the Circuit Court of Henrico County, Virginia.

3. Plaintiff, Bayview Loan Servicing, LLC as servicer for the Mortgagee of record, is a secured creditor of Debtor, being secured by a deed of trust on the above-described property duly recorded in the Clerk's Office of the Circuit Court, Henrico County, Virginia.

4. On or about September 2, 2008, Debtor filed a petition for relief under 11 U.S.C. Chapter 13. Debtor has filed a Chapter 13 plan.

5. Under the terms of the plan, the Debtor proposed to pay Plaintiff post-petition payments outside of the plan, directly to Plaintiff.

6. Debtor is in default in the making of the post-petition payments and is presently due for the December 1, 2008 through January 1, 2009 payments for post petition arrearages totaling $2343.84, with a balance of approximately $131366.64 on said deed of trust.

7. Plaintiff has incurred attorney's fees and filing fees for this Motion.

8. That Plaintiff lacks adequate protection.

9. For the above and foregoing reasons, Plaintiff asserts that cause exists sufficient to waive the requirement of Bankruptcy Rule 4001 (a)(3), therefore allowing the Order granting the relief sought to be effective upon its entry.

**WHEREFORE**, Plaintiff moves the Court for relief from the automatic stay as to the above-described property pursuant to 11 U.S.C. § 362 so that it may proceed under state law.

                Bayview Loan Servicing, LLC as servicer for the Mortgagee of record

                /s/ Sara A. John
                Sara A. John
                M. Richard Epps, P.C.

### **NOTICE OF MOTION AND HEARING**

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then within fifteen (15) days from the date of service of this Motion, you must file a written response explaining your position with the Court at the following address: **Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, VA 23219**, and serve a copy on the movant's attorney at the address shown below.  Unless a written response is filed and served within this fifteen-day period, the Court may deem opposition waived, treat the Motion as conceded, and issue an Order granting the requested relief without further notice or hearing.

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the expiration of the fifteen-day period.

Attend a preliminary hearing scheduled to be held on February 18, 2009 at 11:00 AM in the United States Bankruptcy Court, 701 East Broad Street, Room 5100, Richmond, Virginia.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

Date: January 26, 2009                          Signature, name, address and telephone
                                                number of person giving notice:


  /s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, Virginia 23452
757-498-9600
Virginia State Bar No. 48425
Counsel for Bayview Loan Servicing, LLC as
servicer for the Mortgagee of record


Certificate of Service

I hereby certify that on January 26, 2009, I mailed, first class, postage pre-paid, or electronically served a true copy of this Motion for Relief and Notice of Motion and Hearing to each party required to receive notice under Local Bankruptcy Rule 4001(a)-1(E)(1) as follows: Robert E. Hyman, Trustee, P.O. Box 1780, Richmond, VA 23218; Jason M. Krumbein, Counsel to Debtor, 1650 Willow Lawn Drive, Suite 300, Richmond, VA 23230; and Betty Louise Arthur, 326 Forest Avenue, Richmond, VA 23223.


  /s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.