## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:

Betty Louise Arthur                                         Case No. 08-34228-DOT

    Debtor.                                             Chapter 13

Bayview Loan Servicing, LLC as servicer for the Mortgagee of record,

    Plaintiff,

v.

Betty Louise Arthur,
and
Robert E. Hyman, Trustee,

    Defendants.

### CONSENT ORDER MODIFYING STAY

This cause came on this day to be heard upon Plaintiff's Motion for Relief from Stay to proceed against the following described collateral securing its loan to Debtor: 326 Forest Avenue, Richmond, Virginia, and was argued by counsel. This property is more particularly described as follows:

> All that certain lot or piece or parcel of land with the improvements thereon and appurtenances thereunto belonging, lying and being in the County of Henrico and State of Virginia, being known, numbered and designated as the North ½ of Lot 90 on Map of Robin Park recorded in the Clerk's Office of the Circuit Court for Henrico County, Virginia, in Plat Book 6, page 103, to which plat reference is hereby made for a more particular description of the lot herein described.

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
757-498-9600
Counsel for Plaintiff

> Being the same property conveyed to Betty L. Johnson by deed from Misty F. Odum recorded 11/25/2003 in Deed Book 3580 page 2402, in the Clerk's Office of the Circuit Court of Henrico County, Virginia.

**UPON CONSIDERATION WHEREOF**, it appearing (1) that Debtor is in default in the making of the December 1, 2008 through April 1, 2009 post petition payments due Plaintiff, which payment arrearages, including attorney's fees ($575.00) and costs ($150.00), result in post petition arrearages totaling $6417.17, (2) that Debtor consents to the entry of this Order, (3) that counsel for Debtor represents that Debtor has already received notice of this agreement, and for other good cause shown, it is

**ADJUDGED and ORDERED** that the automatic stay shall continue in effect subject to the following conditions:

1. Debtor shall either complete a loan modification agreement with Plaintiff or cure the post petition arrearages of $6417.17 not later than sixty days from the date of the entry of this Order. If Debtor fails to complete a loan modification agreement with Plaintiff or cure the post petition arrearages of $6417.17 by the date specified, Plaintiff, Bayview Loan Servicing, LLC as servicer for the Mortgagee of record, and its successors and assigns, shall have relief from the automatic stay as to the above-described property without further Order of this Court pursuant to 11 U.S.C. § 362 so that it may proceed in accordance with state law.

2. Debtor shall resume the regular payments with that due May 1, 2009.

3. If Debtor defaults in the making of any future regular payment commencing with that due May 1, 2009 and if any such future regular payment is not received within 20 days of its due date, Plaintiff, Bayview Loan Servicing, LLC as servicer for the Mortgagee of record, and its successors and assigns, shall have relief from the automatic stay as to the above-described property without further Order of this Court pursuant to 11 U.S.C. § 362 so that it may proceed in accordance with state law.

4.      If relief becomes effective hereunder and if Plaintiff enforces its remedies available under state law as to the above-described property, Plaintiff shall notify the Trustee who shall cease making plan distributions to Plaintiff.

5.      If relief from the automatic stay becomes effective under the terms of this Order, such relief shall be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

6.      If applicable, following any liquidation of the above-described property, Plaintiff may file a proof of claim as an unsecured creditor for any deficiency balance remaining due on its claim.

ENTER:

_____
Judge

I ask for this:

  /s/ Sara A. John\_\_\_\_\_p.q.
Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
757-498-9600
Counsel for Plaintiff

Seen and agreed:


/s/ Mitchell Goldstein
Mitchell Goldstein
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
Counsel for Debtor


Seen:


/s/ Robert E. Hyman
Robert E. Hyman, Trustee
P.O. Box 1780
Richmond, VA 23218
804-775-0979


Certificate of Endorsement

     The foregoing Order was endorsed by all necessary parties pursuant to Local Rule 9022-1(C).

                                    /s/ Sara A. John
                                    Sara A. John____
                                    M. Richard Epps, P.C.

**PARTIES TO RECEIVE COPIES**

Sara A. John
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452

Mitchell Goldstein
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230

Robert E. Hyman, Trustee
P.O. Box 1780
Richmond, VA 23218

Betty Louise Arthur
326 Forest Avenue
Richmond, VA 23223


,